# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT LEXINGTON

| | |
|---|---|
| DANA LAKES | )<br>) |
| Plaintiff | )<br>) |
| v. | ) CASE NO. _____<br>)<br>) ***ELECTRONICALLY FILED*** |
| LOWE'S HOME CENTERS, LLC,<br>d/b/a LOWE'S HOME<br>IMPROVEMENT | )<br>)<br>)<br>) |
| Defendant | )<br>)<br>) |

## NOTICE OF REMOVAL

Defendant, Lowe's Home Centers, LLC, by counsel, hereby removes this action from Madison County, Kentucky, Circuit Court to the United States District Court for the Eastern District of Kentucky pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

1. Plaintiff commenced this action on or about October 13, 2021, by filing his complaint in the Madison Circuit Court, Civil Action No. 21-CI-468. Defendant Lowe's was served with the complaint on October 13, 2021. (Complaint, attached hereto as Exhibit 1).

2. Plaintiff, Dana Lakes, alleges that on October 24, 2020, he suffered serious injury when cabinets fell on top of him while he was attempting to remove the cabinet display at the Lowe's located at 814 Eastern Bypass, Richmond, Madison County Kentucky. (Complaint, Ex. 1 at ¶¶ 4-6).

3. Defendant Lowe's filed its Answer to Complaint on November 16, 2021.

(Answer, attached hereto as Exhibit 2).

## TIMELINESS OF REMOVAL

4. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

5. Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action…."

6. On March 3, 2022, Plaintiff responded to Requests for Admissions served by Lowe's. (*See,* Plaintiff's Response to Lowe's Requests for Admissions, attached hereto as Exhibit 3). Counsel for Lowe's received Plaintiff's discovery responses on March 3, 2022.

7. Plaintiff's Answers to the Request for Admissions indicated for the first time that the amount in controversy in this matter exceeded $75,000.

8. This notice of removal is timely because less than thirty days have elapsed since Lowe's received Plaintiff's Answers to the Request for Admissions. Further, the notice of removal is timely because it is being filed less than one year after commencement of the action on October 13, 2021.

## VENUE

9. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(a)(2)(B) and 3.2(b) of the Joint Local Rules of Civil Practice because

the Eastern District of Kentucky is the United States District Court for the district and division embracing the place wherein the state court action was pending.

## DIVERSITY OF CITIZENSHIP

10.     This is a civil action in which there is complete diversity of citizenship between plaintiff and defendant. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because it could have been filed in this Court under 28 U.S.C. § 1332.

11.     Plaintiff is an individual who is a citizen and resident of Madison County, Kentucky. (Complaint, Ex. 1, at ¶1).

12.     Defendant Lowe's Home Centers, LLC is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated in North Carolina with a principal place of business in North Carolina. Accordingly, Lowe's Home Centers, LLC is not a citizen of Kentucky. (Complaint, Ex. 1, at ¶2).

13.     Lowe's Home Centers, LLC, is the only defendant listed in the caption of the case on the complaint. (Complaint, Ex. 1). Summons was also only issued to Defendant Lowe's Home Centers, LLC. Pursuant to Kentucky Rules of Civil Procedure 3.01, 4.01, 4.02, and 10.01, Lowe's Home Centers, LLC, remains the sole Defendant in this matter. *See, e.g., Isaacs v. Caldwell*, 530 S.W.3d 449, 454 (Ky. 2017) (the complaint must be filed and summons issued to commence an action against the defendant); *see also Richerson v. Cahoe*, 2020 WL 4500429 (Ky. App. 2020) (holding that, unless summons is issued to an entity and the entity is named in the caption of the case on the complaint, the entity is *not* a party defendant to case).

## AMOUNT IN CONTROVERSY

14. On November 19, 2021, Lowe's served Plaintiff with written discovery that included requests for admission, interrogatories, and requests for production regarding the injuries and damages sought by Plaintiff.

15. On March 3, 2022, Defendant Lowe's received Plaintiff's responses to Lowe's requests for admission. In response to Lowe's requests for admission, Plaintiff stated that he will seek more than $75,000 from the jury:

> REQUEST NO. 1: Admit that the total amount in controversy in this matter does not now, and never will, exceed $75,000.00, exclusive of interests and costs.
> RESPONSE: Deny
>
> REQUEST NO. 2: Admit that you will never accept or ask a jury for damages in this matter exceeding $75,000.00, exclusive of interest and costs.
> RESPONSE: Deny

(*See*, Plaintiff's Answers to Requests for Admission, Ex. 3).

16. Plaintiff denied that he would not seek less than $75,000. Such denials of a request for admission phrased in the negative are competent proof establishing the amount in controversy. *Powel v. Wal-Mart Stores, Inc.*, Civil Action no. 14-155-HRW, 2015 WL 2063966, at 2-3 (E.D. KY. Apr. 30, 2015); *see also Murchinson v. Progressive Northern Ins. Co.*, 564 F.Supp.2d 1311, 1341(E.D. Okla. 2008) (finding that plaintiff's denial of a request for admission that she would not seek damages in excess of the jurisdictional minimum to be the first paper from which removability could have been ascertained); *Freeman v. Witco, Corp.*, 984 F.Supp. 443, 447 (E.D. La. 1997) (finding same); *McLain v. Am. Int'l Recovery, Inc.*, 1 f.Supp.2d 628, 631

14193394v1

(S.D. Miss 1998) (finding removal proper "[i]f the plaintiff denies [a] request" to admit "that his damages do not exceed $75,000").

17. In his Complaint, Plaintiff sought recovery for alleged "serious physical injury, suffered and will suffer great mental and physical pain, reduction in the quality of life, difficulty in performing activities of daily living; and incurred necessary hospital and medical expenses, and will incur additional expenses in the necessary treatment of his injuries in the future." (Complaint, Ex. 1, at ¶7).

18. Given Plaintiff's responses to requests for admission, and his Complaint the preponderance of available evidence indicates that the alleged damages in this case exceed $75,000 exclusive of interests and costs, thereby satisfying the amount in controversy requirement for diversity jurisdiction under 28U.S.C. § 1332(a).

## OTHER MATTERS

19. Pursuant to 28 U.S.C. § 1446(a), all other pleadings, process, and orders served on and by the removing defendant in the state action are attached to this notice of removal as Exhibit 4.

20. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court for Madison County, Kentucky.

21. Defendant Lowe's is serving all other parties with written notice of the removal of this action.

22. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

        STEPTOE & JOHNSON PLLC

        */s/ Gregory A. Jackson*
        Laura L. Mays,
        Gregory A. Jackson
        2525 Harrodsburg Road, Suite 300
        Lexington, Kentucky 40504
        859.219.8216 (t)
        859.225.6903 (f)
        laura.mays@steptoe-johnson.com
        greg.jackson@steptoe-johnson.com
        *Counsel for Defendant Lowe's*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 18th day of March 2022 a copy of the foregoing *Notice of Removal* was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and U.S. Mail, postage prepaid. Parties may access this filing through the Court's system:

    Jason S. Wilson
    COY, GILBERT, SHEPARD & WILSON
    212 North Second Street
    P.O. Box 1178
    Richmond, KY 40475
    859.623.3877(t)
    *Counsel for Plaintiff*

        */s/ Gregory A. Jackson*
        COUNSEL FOR DEFENDANT
        LOWE'S HOME CENTERS, LLC

6

14193394v1